**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Betty Anne Osborne, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-22838-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On November 1, 2004, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking her sentence. On April 11, 2005, the government moved for summary judgment. On April 12, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that she must adequately respond within 34 days of the date of the order. On June 14, 2005, the petitioner responded to the motion for summary judgment. This matter is now ready for disposition.

On February 22, 2001, a federal grand jury returned a three count indictment charging the petitioner with: Count (1) having two prior convictions for felony drug offenses, the petitioner did conspire to possess with intent to distribute 5 grams or more but less than 50 grams of cocaine base and 500 grams or more of but less than 5 kilograms of cocaine. The grand jury charged Andre Covington in the same indictment with: Count (1) having one prior conviction for a felony drug offense, Covington did conspire to possess with intent to distribute 5 grams or more but less than 50 grams of cocaine base and 500 grams or more of but less than 5 kilograms of cocaine; Count (2) use and carry a firearm and possession of a firearm in the furtherance of a drug trafficking crime; and Count (3) felon in possession of a firearm.

On July 26, 2001, the petitioner pled guilty to the charge. On January 16, 2002, the

Court sentenced the petitioner to 188 months confinement followed by 4 years of supervised release.

The petitioner appealed her guilty plea and sentence challenging the drug amount attributed to her and the Court's *de novo* review of her guilty plea hearing.  On September 25, 2003, the Fourth Circuit Court of Appeals affirmed the guilty plea and sentence.

The petitioner claims counsel was ineffective for not requesting a reduction to her sentence based on her minimal or minor role in the offense.  USSG § 3B1.2.

In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that

"[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

The government contends the petitioner fails to demonstrate prejudice because she has not made a factual showing that she was a minor or minimal participant, and a reduction for a minimal or minor role would not have affected her sentence because she was sentenced as a career offender. The government also contends that the petitioner understood her Presentence Report but did not object.

If a defendant is a minimal participant in any criminal activity, the Court should reduce the offense level by four levels; if a defendant was a minor participant, the Court should reduce the offense level by two levels; if the defendant's role falls in between these two degrees of involvement, the Court should reduce the offense level by three levels. USSG § 3B1.2 (2000). The Court must measure a defendant's conduct against the relevant conduct for which the defendant has been held accountable. United States v. Rodriguez De Varon, 175 F.3d 930, 940 (11th Cir. 1999).

The charge against the petitioner and Covington arose from the search of the petitioner's residence where the police found 88.13 grams of cocaine, 10.71 grams of crack, 56.18 grams of

marijuana, pills, a firearm, and a box of ammunition. The petitioner was held accountable for the drugs found in the search which totaled 231.88 kilograms. Covington admitted the firearm and ammunition were his, and as a result, Covington incurred two firearm charges in addition to the drug charges. The petitioner and Covington were at the house when the police arrived.

A defendant plays a minimal role if the defendant is plainly the least culpable of those involved in a group and the defendant has no knowledge or understanding of the scope of the conspiracy. USSG § 3B1.2, comment 1. The Presentence Report reveals that the petitioner admitted to using crack and processing cocaine into crack to help Covington sell it. The petitioner's son sold crack for Covington. The petitioner also admitted that she knew Covington was a drug dealer and she had helped Covington three or four times in the past with his drug deals. Clearly, the petitioner was not a minimal participant in the conspiracy to possess and distribute crack and cocaine.

For the same reasons, the petitioner was not a minor participant in the drug conspiracy. The Court should determine if a defendant was less culpable than the other participants and measure the defendant's culpability against the elements of the offense of conviction. United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995). "The critical inquiry is not just whether the defendant has done fewer bad acts than his codefendants, but whether the defendant's conduct is essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991). While the petitioner may have been less culpable than Covington, as explained above, the petitioner possessed crack and cocaine, processed the cocaine into crack, and assisted with Covington's drug deals. These are all essential elements to the conspiracy for which she was charged. Moreover, the petitioner makes no factual allegations supporting her claim that counsel

should have requested a reduction for her minor role in the conspiracy charge.

In addition, the petitioner was sentenced as a career offender under sentencing guideline section 4B1.1. This career offender guideline prevents a reduction in a defendant's offense level except for acceptance of responsibility. USSG § 4B1.1 (2000); see also United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir. 1997). The petitioner fails to demonstrate counsel's failure to request a reduction under guideline section 3B1.2 prejudiced her, and she is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 8, 2005
Charleston, South Carolina